# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN FELIPE MIRAMONTES,<br><br>                              Plaintiff,<br>   vs.<br><br>DAVID LONG,<br><br>                              Defendant. | CASE NO. 12-CV-595-LAB-NLS<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

    Miramontes filed this habeas petition on March 8, 2012, challenging a state conviction for the sexual abuse of children that resulted in what is effectively a life sentence. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d), the petition was referred to Magistrate Judge Stormes for a Report and Recommendation ("R&R"). Judge Stormes has issued her R&R, recommending that the petition be denied in its entirety and dismissed with prejudice. Judge Stormes's R&R and Miramontes's objections to it are now before the Court. The Court apologizes to the parties for the delay in issuing a ruling.

    "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). See also 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required. *United States v.*

*Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). Because Miramontes is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

The R&R identifies two claims in Miramontes's habeas petition. The first is that the admission of prior sexual offenses was inappropriate under California Evidence Code §§ 352 and 1108, and, in any event, violated his right to due process under the federal Constitution. The second is that the trial court also violated his right to due process by giving an instruction pursuant to CALCRIM No. 1191.

**I.    §§ 352 and 1108**

Section 1108 of California's Evidence Code allows the prosecution to prove a defendant's propensity to commit sex crimes by offering evidence that he has committed other sex crimes. It is an exception to the general rule, reflected in § 1101, that propensity evidence is *not* admissible. The relevant portion of § 1108 reads: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." Section 352, which is incorporated into § 1108, allows for the exclusion of otherwise probative evidence if it will consume unnecessary time, create the danger of undue prejudice, confuse the issues, or mislead the jury. Section 1108, it's worth highlighting, is analogous to Federal Rule of Evidence 414, which provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." And, similarly, § 352 is the equivalent of Federal Rule of Evidence 403.

As the R&R explains it, "Petitioner claims that the admission of the prior sexual offense evidence that occurred in Tijuana violated Evidence Code Section 352 and the plain language of Evidence Code Section 1108, in violation of his constitutional rights to due process and a fair trial." (R&R at 11.) There are two problems with this claim. The first is

that "[i]ncorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected." *Lincoln v. Sunn*, 807 F.2d 805, 816 (9th Cir. 1987). So, even if the trial court erred in its application of §§ 352 and 1108, that wouldn't be a ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal habeas court is limited to deciding whether a conviction violated the Constitution, laws, or treatises of the United States.").

The second problem with the claim is that the Supreme Court has never held § 1108 to be unconstitutional, and habeas relief is only available when a state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *See Larson v. Palmateer*, 515 F.3d 1057, 1066 (9th Cir. 2008) ("The Supreme Court has expressly reserved the question of whether using evidence of the defendant's past crimes to show that he has a propensity for criminal activity could ever violate due process."); *Alberni v. McDaniel*, 458 F.3d 860, 863 (9th Cir. 2006). Not only that, but courts that *have* considered the constitutionality of § 1108—or its federal counterpart, Rule 414—have upheld it. *See, e.g.*, *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001) (rejecting a constitutional challenge to Rule 414); *Renella v. Adams*, 2007 WL 963969 at *3–4 (N.D. Cal. Mar. 30, 2007) (rejecting a constitutional challenge to § 1108); *People v. Falsetta*, 21 Cal.4th 903, 916–17 (Cal. Ct. App. 1999) (same). The state court's denial of Miramontes's due process claim was therefore neither contrary to nor an unreasonable application of clearly established federal law. The claim is **DENIED**.

II.     **CALCRIM No. 1191**

CALCRIM No. 1191 is an instruction given in sexual abuse cases in which evidence of other acts is admitted under § 1108. In this case, it read:

> The People presented evidence that the defendant committed the crime of lewd acts on a child that was not charged in this case. These crimes are defined for you in these instructions. You may consider this evidence only if the People have proved

> by a preponderance of the evidence that the defendant, in fact, committed the uncharged offenses. Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true.
>
> If the People have not met this burden of proof, you must disregard this evidence entirely.
>
> If you decide that the defendant committed the uncharged offenses, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses and, based on that decision, also conclude that the defendant was likely to commit sodomy of a child under 10, oral copulation of a child under 10, sexual penetration of a child under 10, and lewd acts on a child, as charged here.
>
> If you conclude that the defendant committed the uncharged offenses, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of sodomy of a child under 10, oral copulation of a child under 10, sexual penetration of a child under 10, and lewd acts on a child. The People must still prove each charge beyond a reasonable doubt. (R&R at 16 n.5.)

The R&R explains that Miramontes claims the 1191 instruction violated his right to due process, but with no specific facts or argument. (R&R at 16.) It's reasonable to infer, though, that Miramontes wishes to argue that the instruction lowered the burden of proof for his conviction. If so, that would undoubtedly be a violation of due process. "To satisfy due process in the conviction of a defendant, there must be 'proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1143 (9th Cir. 2012) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)).

This argument has no merit. As the R&R explains, the final paragraph of the instruction is abundantly clear that the uncharged acts that need only be proved by a preponderance of the evidence are "one factor to consider" and that the prosecution "must still prove each charge beyond a reasonable doubt." Morever, the Ninth Circuit has already upheld a version of the CALCRIM instruction. *See Schultz v. Tilton*, 659 F.3d 941, 945 (9th Cir. 2011). A number of other courts have denied habeas relief, in fact, on the very argu-
/ /

- 4 -

ment about CALCRIM 1191 that Miramontes advances. *See, e.g.*, *Rodriguez v. Wanda*, 2013 WL 6502390 at *6–7 (N.D. Cal. Dec. 11, 2013).

The state court summarily denied the argument, citing its own authority that CALCRIM 1191 doesn't violate due process. *People v. Cromp*, 153 Cal.App.4th 476, 480 (Cal. Ct. App. 2007). The Court doesn't find that *that* ruling was contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)–(2). Miramontes's second claim for habeas relief is therefore **DENIED**.

### III. Conclusion

The Court **ADOPTS** the R&R in its entirety. It has carefully read and considered the objections filed by Miramontes, and it finds nothing in them that's responsive to the substantive analysis in the R&R. Both of his claims for habeas relief are **DENIED**. The Court will **DENY** him a certificate of appealability as to the first claim (the unconstitutionality of § 1108) but **GRANT** him a certificate of appealability as to the second (the unconstitutionality of CALCRIM 1191). *See* 28 U.S.C. 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

DATED: August 22, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge